# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.:  19-171 (RC) |
| | : | |
| YUEHUA JIN, | : | Re Document No.:    47 |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### DENYING DEFENDANT'S MOTION FOR A JURY TRIAL

## I.  INTRODUCTION

This case concerns allegations that the Defendant, Ms. Jin, illegally interfered with the progress of a diplomatic motorcade that was travelling through the streets of Washington, D.C. Through a superseding information, Ms. Jin was ultimately charged with two counts: (1) a violation of 18 U.S.C. § 112(b)(2) (attempting to obstruct a foreign official) and (2) a violation of 18 U.S.C. § 118 (interference with protective functions).  *See* Superseding Information (July 30, 2019), ECF No. 32.  A jury trial was set for November 5, 2019.  *See* Minute Order (July 30, 2019).

On October 17, 2019, the government moved to dismiss Count Two, the § 118 charge. *See* Motion to Dismiss Count Two, ECF No. 43.  As the government noted, the remaining charge—the violation of § 112(b)—was less serious: a Class B misdemeanor, punishable by no more than six months imprisonment, a fine of $5,000, or both.  *See* 18 U.S.C. §§ 112(b), 3559(a)(7), 3571(b)(6).  As a result, the government determined that Ms. Jin was no longer entitled to a trial by jury and requested that the Court conduct a bench trial instead.  The Court granted the motion to dismiss Count Two, but invited further briefing on the jury trial question.

*See* Minute Entry (Oct. 21, 2019). Ms. Jin subsequently filed the pending motion for a jury trial, *see* Def.'s Mot., ECF No. 47; the government opposed, *see* Government's Opp., ECF No. 48.

## II. ANALYSIS

### A. Jury Trial as a Matter of Right

As an initial matter, both parties—and this Court—agree that Ms. Jin is not constitutionally entitled to a jury trial. *See* Def.'s Mot. at 4; Government's Opp. at 2. The Supreme Court has held that "there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision." *Duncan v. Louisiana*, 391 U.S. 145, 159 (1968). Crimes with a maximum authorized prison sentence of six months or less—like violations of 18 U.S.C. § 112(b)—are presumptively petty. *See Blanton v. City of N. Las Vegas*, 489 U.S. 538, 544 (1989). The possibility of an additional $5,000 fine is not enough to overcome that presumption. *See United States v. Nactigal*, 507 U.S. 1, 5 (1993) (determining that a charge entailing a maximum term of imprisonment of six months and $5,000 in fines did not trigger a jury trial right). In the absence of Ms. Jin identifying some "additional penalties" that are "so severe" as to suggest that Congress "clearly determined that the offense is a 'serious one,'" *id.* at 4 (quoting *Blanton*, 489 U.S. at 543), *Blanton* and *Nactigal* are controlling.[1]

### B. Jury Trial as a Matter of Judicial Discretion

Even when not required to do so, some courts have granted jury trials in criminal cases as a matter of discretion. *See United States v. Greenpeace, Inc.*, 314 F. Supp. 2d 1252, 1263 (S.D. Fla. 2004); *United States v. Beard*, 313 F. Supp. 844, 845–46 (D. Minn. 1970); *cf. Ross v. Bernhard*, 396 U.S. 531, 550 (1970) (J. Stewart, dissenting) (noting that, in the Seventh

---

[1] If anything, Congress has suggested the opposite: it characterizes a Class B misdemeanor as a "petty offense." 18 U.S.C. § 19.

Amendment context, "[n]othing in the Constitution . . . precludes [a] judge from granting a jury trial as a matter of discretion").

Under the current circumstances, however, the Court declines to proceed via a jury trial. *Duncan* acknowledged "the benefits to efficient law enforcement and simplified judicial administration resulting from the availability of speedy and inexpensive nonjury adjudications," 391 U.S. at 160, and Ms. Jin has not identified sufficiently powerful countervailing interests here. Although she makes a strong case for the centrality of the jury in the American system, *see* Def.'s Mot. at 4-5, the Supreme Court has already considered the historical evidence and decided that a jury trial is not required in cases like these. *See Duncan*, 391 U.S. at 149 (recognizing the petty offense exception even while noting that "trial by jury in criminal cases is fundamental to the American scheme of justice."). And while Ms. Jin criticizes the government's strategic decision to drop the more serious charge shortly before trial, *see* Def.'s Mot. at 5, she has not specifically identified any resulting prejudice to her pretrial preparations. For its part, the government maintains that it dismissed the more serious charge "not specifically because it would eliminate the right to the jury trial," but "because the § 112 charge is the most readily provable charge and the one that goes directly to the heart of the defendant's actions and intentions in this matter." Government's Mot. at 2. Taking all these considerations and arguments into account, the Court declines to exercise its discretion to grant a jury trial.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for a jury trial is **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: October 31, 2019
RUDOLPH CONTRERAS
United States District Judge